# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Branson Thompson, a/k/a Branson Jamal Thompson, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Civil Action No. 5:23-cv-4138-TMC |
| v.  ) ) | |
| ) | **ORDER** |
| Warden John Palmer; D.H.O. Officer ) Williams; and Substitute Counsel ) McCrory, ) ) | |
| ) | |
| Defendants. ) ) | |

Plaintiff Branson Thompson a/k/a Branson Jamal Thompson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 against Defendants Warden John Palmer ("Warden Palmer"), D.H.O. Officer Williams ("Officer Williams"), and Substitute Counsel McCrory ("McCrory"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), the magistrate judge reviewed Plaintiff's complaint and determined that this action was subject to dismissal. (ECF No. 11). The magistrate issued a proper form order affording Plaintiff an opportunity to cure the deficiencies in the complaint but warning Plaintiff that the failure to do so would result in a recommendation that the court dismiss the action without further leave to amend. *Id*.

Plaintiff subsequently filed an amended complaint, (ECF No. 15), which the magistrate judge again reviewed under § 1915. Now before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that the court dismiss the amended complaint

without prejudice and without issuance and service of process. (ECF No. 24). Plaintiff filed objections to the Report. (ECF No. 28). This matter is now ripe for review.

## I. Background and Report

Plaintiff does not object to the summary of the factual and procedural background in this case, and the court adopts and incorporates the magistrate judge's summary as if set forth fully herein. Accordingly, the court need not summarize the facts of this case in detail and, therefore, recounts them only briefly herein. Plaintiff's action arises out of a January 2023 hearing at McCormick Correctional Institution ("MCI") on disciplinary charges, following which Plaintiff was placed in the restrictive housing unit .(ECF No. 15 at 6). Plaintiff claims that Defendant Williams, the hearing officer, violated his due process rights by failing to follow SCDC policy when conducting the hearing by, among other things, denying Plaintiff the right to present evidence or question witnesses, (ECF No. 15-1 at 2, 10–11); that Defendant Palmer, the MCI Warden, signed various documents during the disciplinary process in violation of SCDC policy, thereby abridging Plaintiff's due process rights, *id*. at 13–14; and that Defendant McCroy did not adequately represent Plaintiff during the disciplinary hearing, also in violation of his due process rights, *id*. at 3, 8–9.

The magistrate judge determined first that Plaintiff failed to allege that he was deprived of a federally protected liberty interest without due process, (ECF No. 24 at 4), noting that "placement in lock-up, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest," *id*. at 4–5, that there is nothing to indicate his confinement was so extreme "as to give rise to due process protections of the Fourteenth Amendment," *id*. at 5, and that Plaintiff did not lose any good time credits as a result of the disciplinary hearing, *id*. Moreover, the magistrate judge determined that the Defendants' alleged failure to follow SCDC policy or to allow Plaintiff to

question witnesses or otherwise participate in the hearing, without more, did not amount constitutional violations. *Id*. at 5–6. Finally, the magistrate judge rejected Plaintiff's claim relating to Defendant McCroy's representation at the hearing as inmates "do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Id*. at 6 (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976)). Accordingly, the magistrate judge concluded that Plaintiff's amended complaint failed to cure the previously identified deficiencies and, consistent with the admonitions issued in the proper form order (ECF No. 11), recommended the court dismiss this action without prejudice and without issuance and service of process (ECF No. 24 at 7).

## II.  Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").

Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### III. Discussion

As the magistrate judge recognized, prison disciplinary proceedings that implicate a protected liberty interest require due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). For prisoners serving a custodial sentence, an alleged privilege is "in the nature of a liberty interest" if its deprivation (1) "imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life" or (2) inevitably affects the duration of the inmate's sentence. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In his objections, Plaintiff argues that the sanctions imposed after his disciplinary hearing subjected him to an atypical and significant hardship and, therefore, that he was deprived of a federally protected liberty interest without due process.  (ECF No. 28 at 1).  Plaintiff notes specifically that while in disciplinary segregation he was not afforded regular recreation time and was permitted to wear only his boxer briefs on the way to the showers, *id.*, and was not permitted to call home for six to eight months, (ECF No. 15 at 6).  According to the documentation presented by Plaintiff, the sanctions he received included the loss of canteen, visitation and phone privileges for 180 days and 45 days in disciplinary detention (with 40 days having been already served before the hearing). (ECF No. 15-1 at 16). These penalties do not affect a protected liberty interest because they do not impose hardships over and above those already associated with ordinary prison life, and Plaintiff has not offered anything to suggest the length of his sentence has been increased.  *See, e.g.*, *Hall v. McCabe*, No. 8:11-cv-1317-TLW-JDA, 2011 WL 5083219, at *2 (D.S.C. July 8, 2011) (noting that prisoners have no liberty interest in telephone or canteen privileges), *report and recommendation adopted*, No. 8:11-cv-1317-TLW, 2011 WL 5082201 (D.S.C. Oct. 25, 2011); *Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997) (concluding that conditions in six months of administrative segregation were not so atypical that they resulted significant hardship).  Furthermore, although the loss of good time credits would indeed implicate a protected liberty interest, *see Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019), the documents attached to Plaintiff's amended complaint show that he did not lose any good time credit in connection of his disciplinary infractions, (ECF No. 15-1 at 4, 16). Accordingly, the court overrules this objection.

5

Additionally, because Plaintiff's punishment for his convictions did not implicate a protected liberty interest, Plaintiff was not entitled to any procedural safeguards during the underlying disciplinary hearing. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty [or property] interest"). Therefore, the court also overrules Plaintiff's objections to the extent they challenge Defendants' alleged failure to comply with SCDC policy during the disciplinary hearing.

Finally, to the extent Plaintiff objects based on the claim that he received ineffective legal assistance in connection with his disciplinary hearing, the court overrules the objection on the same grounds that the magistrate judge rejected this argument—inmates do not have a constitutional right to retain or be appointed counsel in a prison disciplinary proceeding. *See Baxter*, 425 U.S. at 315 ; *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). To the extent that Plaintiff argues that his comprehension and reading level entitled him to legal aid and other protections under *Wolff* in this situation, the court rejects this argument as well. Even if Plaintiff was entitled to due process protections during the disciplinary hearing—which, as explained above, he was not—Plaintiff has not shown he was within the class of inmates entitled to such assistance. *See Wolff*, 418 U.S. at 570 ("Where an illiterate inmate is involved, however, or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff."). Furthermore, Plaintiff was afforded substitute legal help even though he is not illiterate as evidenced by the fact that he has advanced reasonably

articulate arguments and submitted coherent handwritten documents to the court, and the matters in question were not particularly complex.

## IV. Conclusion

For the forgoing reasons, the court adopts the Report and incorporates it herein. Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 21, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.